IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Factory Mutual Insurance Company, | ) |
| American Guarantee and Liability | ) |
| Insurance Company, ACE INA Insurance, | ) |
| Certain Underwriters at Lloyds | ) |
| of London Subscribing to Policy | ) |
| Numbers B0823WB0701060 | ) |
| and B0823WB0701018, | ) |
| Wiener Stadtische Versicherung AG | ) |
| a/k/a Vienna Insurance Group, | ) |
| and American Home Assurance | ) |
| Company, as subrogees of | ) |
| Decoma International of America, Inc., and | ) |
| Decoma International of America, Inc. | )   Case No.: |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Westport Insurance Corporation d/b/a | ) |
| Industrial Risk Insurers and General | ) |
| Security Indemnity Company of Arizona | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now come Plaintiffs, Factory Mutual Insurance Company, American Guarantee & Liability Insurance Company, ACE INA Insurance, Certain Underwriters at Lloyds of London Subscribing to Policy Numbers B0823WB0701060 and B0823WB0701018, Wiener Stadtische Versicherung AG a/k/a Vienna Insurance Group, American Home Assurance Company ("the Decoma Insurers"), as subrogees of Decoma International of America, Inc. ("Decoma"), and Decoma, by and through their attorneys Nagi Baxter & Seymour, P.C. and Foran Glennon Palandech & Ponzi PC, and for their Complaint for Declaratory Judgment, state as follows:

## NATURE OF THE CASE

This case arises out of a July 14, 2008 fire at the Plastech Engineered Products, Inc. ("Plastech") facility in Elwood, Indiana. On July 1, 2008 Decoma acquired certain equipment and other personal property from Plastech and certain associated entities[1], including equipment and other personal property located at the Elwood, Indiana facility. However, Plastech continued to use and operate that equipment and other personal property after the July 1, 2008 sale to Decoma, through and including the time of the July 14, 2008 fire. Plaintiffs insured Decoma and paid Decoma for the damage to and destruction of the equipment and other personal property acquired from Plastech caused by the July 14, 2008 fire.

Defendants insured Plastech's interest in and liability for damage to property of others within Plastech's control. Although the fire resulted from Plastech's negligence and the Decoma property was in Plastech's control at the time of the fire, Defendants refused to pay for the damage to and destruction of the Decoma property. Plaintiffs bring this action seeking a declaration that Defendants are obligated to pay them the proceeds of their insurance policies available on account of Plastech's liability for the damage to the Decoma property.

Plastech and the associated entities from which Decoma acquired the property are in bankruptcy, in case number 08-42417, pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division. Plaintiffs have simultaneously filed a motion for relief from the automatic bankruptcy stay, so that Plastech and the associated entities can be added to this action to the extent they are necessary or

---

[1] Those associated entities are LDM Technologies, Inc., Plastech Frenchtown, Inc., Plastech Decorating Systems, Inc., Plastech Exterior Systems, Inc., Plastech Romulus, Inc., MBS Polymet, Inc., LDM Holding Canada, Inc., and LDM Holding Mexico, Inc.

2

interested parties. If relief from the automatic stay is granted, Plaintiffs will seek to amend this action to include Plastech and the associated entities.

## THE PARTIES

1. Factory Mutual Insurance Company is a corporation organized under the laws of the state of Rhode Island and has its principal place of business in Johnston, Rhode Island.

2. American Guarantee and Liability Insurance Company is a corporation organized under the laws of the state of New York and has its principal place of business in Schaumburg, Illinois.

3. ACE INA Insurance is a corporation organized under the laws of the province of Ontario, Canada and has its principal place of business in Toronto, Ontario, Canada.

4. Certain Underwriters at Lloyds of London Subscribing to Policy Numbers B0823WB0701060 and B0823WB0701018 are and were foreign companies and entities engaged in the business of insurance under and pursuant to the laws of their domicile and principal place of business, the United Kingdom.

5. Wiener Stadtische Versicherung AG a/k/a Vienna Insurance Group is an insurance company organized under the laws of Austria, with its principal place of in Vienna, Austria.

6. American Home Assurance Company is a corporation organized under the laws of the state of New York, with its principal place of in New York, New York.

7. Decoma International of America, Inc. is corporation organized under the laws of the state of Delaware, with its principal place of business in Troy, Michigan.

8. Westport Insurance Corporation is a corporation organized under the laws of the state of Missouri with its principal place of business in Shawnee Mission, Kansas.

9. General Security Indemnity Company of Arizona is a corporation organized under the laws of the state of Arizona with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this case pursuant to 28 USC §1334 because this matter involves assets of Plastech and related entities presently in bankruptcy in an action pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division under case number 08-42417 (PJS).

11. Pursuant to 28 USC §1409 venue is proper in this District as this case is related to the bankruptcy action referenced in paragraph 9 and pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division.

12. This matter presents a justiciable case and controversy under 28 U.S.C. § 2201.

## COUNT I

12. Plastech Engineered Products Inc. filed its petition for relief under Chapter 11 of the Bankruptcy Code on February 1, 2008, as did the various entities related to Plastech and identified in Footnote 1.

13. On July 1, 2008, Decoma acquired certain assets of Plastech pursuant to an Asset Purchase Agreement approved by the Bankruptcy Court in case number 08-42417 (PJS) referenced above.

4

14. Among the assets acquired by Decoma were equipment and other personal property located at Plastech's Elwood, Indiana facility ("the Acquired Assets").

15. At and after the July 1, 2008 sale of the Acquired Assets to Decoma, Plastech continued to operate the Acquired Assets for the benefit of the bankruptcy estate.

16. On July 14, 2008, while Plastech continued to operate the Acquired Assets, a fire broke out at Plastech' Elwood, Indiana facility causing damage to and destruction of the Acquired Assets.

17. The fire and damage to and destruction of the Acquired Assets resulted from the negligence of Plastech in its continued operations of the Elwood, Indiana facility.

18. At the time of the damage to and destruction of the Acquired Assets, Decoma was the holder of a policy of insurance issued by the Decoma Insurers.

19. As a result of the damage to and destruction of the Acquired Assets, the Decoma Insurers have, to date, paid Decoma, a total of $1,184,827.00 pursuant to the terms of the insurance held by Decoma. The Decoma Insurers are thereby subrogated to the rights of Decoma against those responsible for the damage to and destruction of the Acquired Assets. Decoma suffered a loss to the extent of its $250,000.00 deductible interest.

20. At the time of the damage to and destruction of the Acquired Assets, Plastech was the holder of a policy of insurance issued by Westport Insurance Corporation d/b/a Industrial Risk Insurers and General Security Indemnity Company of Arizona (the "Plastech Policy").

21.     The Plastech Policy provides, in relevant part, as follows:

**Comprehensive All Risk Form General Conditions
Section I**

A. **Insuring Agreement** - This policy insures against all risks of physical loss or damage, except as excluded, to covered property while on Described Premises, provided such physical loss or damage occurs during the term of this policy.

\*            \*            \*            \*

**Coverage Part A Property Damage**

**Section I**

**Property Covered**

Except as herein excluded, this policy covers the following property as designated on the Schedule of Locations on file with the Companies, all while situated on Described Premises or on land within 1000 feet thereof:

\*            \*            \*            \*

B.      If this policy covers PERSONAL PROPERTY, it covers:

1.      personal property owned by the Insured;

2.      the Insured's interest in and the Insured's Liability for personal property of others, while in the custody of the Insured;

\*            \*            \*            \*

**Section III**

**Extensions of Coverage**

A.      This policy is extended to cover:

\*            \*            \*            \*

2.      **Defense Costs** – The cost to defend any suit against the Insured alleging physical loss or damage as insured against to personal property of others in the custody of the Insured while on Described Premises to the extent of the Insured's Liability therefore, even if such suit is groundless, false or fraudulent; but the Companies may without prejudice make such

6

> investigation, negotiation or settlement of any such claim or suit as they deem expedient.

\* \* \* \*

22. Westport Insurance Corporation d/b/a Industrial Risk Insurers and General Security Indemnity Company of Arizona ("the Plastech Insurers") wrongfully denied coverage for the claims arising out of the July 14, 2008 fire at Plastech's Elwood, Indiana facility.

**WHEREFORE**, Plaintiffs, pray that this Honorable Court enter an order adjudging and declaring that:

1. Plastech and the related entities had custody of Decoma's equipment and other personal property at the Elwood, Indiana facility at time of the July 14, 2008 fire;

2. Decoma's equipment and other personal property at the Elwood, Indiana facility sustained damage in the amount of $1,434,827.00 as a result of the negligence of Plastech and the related entities;

3. Defendants policy of insurance was in full force and effect on July 14, 2008;

4. Plaintiffs are entitled to judgment against Defendants in the total amount of $1,434,827.00.

and, entering judgment in favor of Plaintiffs and against Defendants in the amount of $1,434,827.00 and for Plaintiffs' costs and such other and further relief as this Court deems just and proper under the proof and circumstances.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all triable issues.

        Nagi, Baxter & Seymour, P.C.

        Attorneys for Factory Mutual Insurance Company, American Guarantee and Liability Insurance Company, ACE INA Insurance, Certain Underwriters at Lloyds of London Subscribing to Policy Numbers B0823WB0701060 and B0823WB0701018, Wiener Stadtische Versicherung AG, a/k/a Vienna Insurance Group, American Home Assurance Company, and Decoma International of America, Inc.

By:   s/Daniel J. Seymour_____
       Daniel J. Seymour (P38908)
       155 West Congress, Suite 300
       Detroit, Michigan 48226

       PH: (313) 964-2040
       FX: (313) 964-4068

And

       Michael L. Foran (Pro Hac Vice Pending)
       Foran Glennon Palandech & Ponzi, PC
       150 South Wacker Drive, 11th Floor
       Chicago, Illinois 60606

       PH: (312) 863-5000
       FX: (312) 863-5099