UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FACTORY MUTUAL INSURANCE COMPANY,
AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY, ACE INA
INSURANCE, CERTAIN UNDERWRITERS
AT LLOYDS OF LONDON SUBSCRIBING
TO POLICY NUMBERS B0823WB0701060
AND B0823WB0701018, WIENER
STADTISCHE VERSICHERUNG AG a/k/a
VIENNA INSURANCE GROUP,
and AMERICAN HOME ASSURANCE
COMPANY, as subrogees of DECOMA
INTERNATIONAL OF AMERICA, Inc.,
and DECOMA INTERNATIONAL OF
AMERICA, Inc.,

    Plaintiffs,    CASE NUMBER:  09-12761
               HONORABLE VICTORIA A. ROBERTS
v.

WESTPORT INSURANCE CORPORATION
d/b/a INDUSTRIAL RISK INSURERS and
GENERAL SECURITY INDEMNITY COMPANY
OF ARIZONA,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim (Dkt. #12).

Plaintiffs and Defendants respectively insure two companies, Decoma and Plastech. In February 2008, Plastech filed for Chapter 11 bankruptcy in the Eastern District of Michigan. On July 1, 2008, Decoma acquired certain equipment from

Plastech; however, after the sale, Plastech continued to use and operate the equipment at its facility in Elwood, Indiana. Two weeks later, a fire broke out which damaged and/or destroyed the equipment. Plaintiffs allege the fire was the result of Plastech's negligence.

Plaintiffs paid Decoma for its losses, and, as Decoma's subrogees, filed claim with Defendants under Plastech's first-party property insurance policy. Defendants denied the claim, and Plaintiffs filed this declaratory judgment action. Plastech is not a party to this suit; however, Plaintiffs assert they have asked for relief from the automatic bankruptcy stay and will add Plastech as a defendant if the relief is granted.

Plaintiffs seek an order declaring that: (1) Plastech had custody of Decoma's equipment when the fire occurred; (2) as a result of Plastech's negligence, the equipment sustained damage in the amount of $1,434,827; (3) Defendants' policy of insurance was in full force and effect at the time of the fire; and (4) Plaintiffs are entitled to judgment against Defendants in the amount of $1,434,827. (Compl. 7.)

Defendants argue the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), because Plaintiffs lack standing to pursue a claim under Plastech's insurance policy.

Under Indiana law – which the parties agree the Court should apply – a third-party plaintiff who files a direct action against an insurer may seek, at most, "a declaration of the insurer's responsibilities should the allegations regarding the insured's conduct be proven." *City of S. Bend v. Century Indem. Co.*, 821 N.E.2d 5, 10 (Ind. Ct. App. 2005). If the Court were to make such a declaration, it would simply say that Defendants are obligated to pay Plaintiffs if Plaintiffs establish that the damage to

Decoma's equipment resulted from Plastech's negligence, and only to the limit of whatever insurance coverage was in effect at the time of loss.

However, Plaintiffs do not ask for this kind of declaration; instead, they seek relief which vastly exceeds what the Court may provide. Therefore, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiffs' Complaint without prejudice.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  October 8, 2009

---
The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 8, 2009.

s/Carol A. Pinegar
Deputy Clerk

---