UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FACTORY MUTUAL INSURANCE CO.,
AMERICAN GUARANTEE AND LIABILITY
INSURANCE CO., ACE INA
INSURANCE, CERTAIN UNDERWRITERS
AT LLOYDS OF LONDON SUBSCRIBING
TO POLICY NUMBERS B0823WB0701060
AND B0823WB0701018, WIENER
STADTISCHE VERSICHERUNG AG a/k/a
VIENNA INSURANCE GROUP,
and AMERICAN HOME ASSURANCE
CO., as subrogees of DECOMA
INTERNATIONAL OF AMERICA, Inc.,
and DECOMA INTERNATIONAL OF
AMERICA, Inc.,

Case No. 09-12761

Honorable Patrick J. Duggan

        Plaintiffs,

v.

WESTPORT INSURANCE CORP.
d/b/a INDUSTRIAL RISK INSURERS and
GENERAL SECURITY INDEMNITY CO.
OF ARIZONA,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

        Plaintiffs initiated this action against Defendants seeking to recover $1,434,827 that Plaintiffs paid to its insured for property damaged in a fire. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The motion has been fully briefed and the Court held a motion hearing on May 20, 2010.

## Applicable Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the action before it. Fed. R. Civ. P. 12(b)(1). Such motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). As the Sixth Circuit described these two categories of motions:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party . . . A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id*. (internal citations omitted)(emphasis in original). It is the plaintiff's burden to demonstrate that the court has jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986)(citation omitted). Defendant is raising a factual attack to this Court's jurisdiction.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

**Factual and Procedural Background**[1]

On July 1, 2008, Decoma International of America, Inc. ("Decoma") acquired certain equipment from Defendants Plastech Engineered Products, Inc. and Plastech Decorating Systems, Inc. (collectively "Plastech"), including equipment at Plastech's facility in Elwood, Indiana ("Elwood facility"). Plastech previously had filed for Chapter 11 bankruptcy in the Eastern District of Michigan. On and after the July 1, 2008 sale,

---

[1]Except where noted, the following facts are set forth in Plaintiffs' Complaint.

Plastech retained control of and continued to operate the equipment acquired by Decoma (hereafter "Acquired Assets") at the Elwood facility for the benefit of the bankruptcy estate. On July 14, 2008, a fire broke out at the Elwood facility resulting in damage to and destruction of the Acquired Assets.

Defendants Westport Insurance Corporation, doing business as Industrial Risk Insurers, and General Security Indemnity Company of Arizona (collectively "Plastech's Insurers") insured Plastech's interest in and liability for damage to certain property pursuant to a Property Insurance Policy ("property policy"). After the fire at the Elwood facility, Plastech made a claim for coverage pursuant to the property policy. Plastech's Insurers thereafter conducted an investigation with respect to Plastech's claim and determined that Plastech had disabled the sprinkler system at the Elwood facility on some date before the fire occurred. (Defs.' Mot. Ex. D.) Plastech's Insurers therefore concluded that there was no coverage pursuant to the property policy's increase of hazard of loss exclusion. (*Id*.)

Plaintiffs insured Decoma and paid Decoma $1,184,827 for the damage to and destruction of the Acquired Assets. Plaintiffs thereafter made a claim under the property policy issued by Plastech's Insurers. On February 3, 2009, Plastech's Insurers informed Plaintiffs that the claim was denied for the same reason that Plastech's claim was denied. (*Id*. Ex. E.)

On July 14, 2009, Plaintiffs filed this action as a complaint for declaratory relief against Plastech's Insurers. In their initial complaint, Plaintiffs did not name Plastech as a

defendant because Plaintiffs had not yet obtained their request for relief from the automatic stay in the bankruptcy proceeding. (*See* Doc. 1 at 2.) Plaintiffs sought an order declaring the following: (1) that Plastech had custody of the Acquired Assets at the Elwood facility at the time of the fire; (2) the Acquired Assets sustained damage in the amount of $1,434,827 as a result of Plastech's negligence; (3) the property policy was in full force and effect on the date of the fire; and (4) Plaintiffs are entitled to judgment against Plastech's Insurers in the amount of $1,434,827. (*Id.* at 7.) The matter was assigned to the Honorable Victoria A. Roberts.

Plastech's Insurers responded to the initial complaint by filing a motion to dismiss contending *inter alia* that Plaintiffs had no right to the relief sought in the complaint. In an opinion and order issued on October 8, 2009, Judge Roberts granted the motion and dismissed the complaint. Judge Roberts reasoned:

> Under Indiana law– which the parties agree the Court should apply– a third-party plaintiff who files a direct action against an insurer may seek, at most, "a declaration of the insurer's responsibilities should the allegations regarding the insured's conduct be proven." *City of S. Bend v. Century Indem. Co.*, 821 N.E.2d 5, 10 (Ind. Ct. App. 2005). If the Court were to make such a declaration, it would simply say that Defendants are obligated to pay Plaintiffs if Plaintiffs establish that the damage to Decoma's equipment resulted from Plastech's negligence, and only to the limit of whatever insurance coverage was in effect at the time of loss.

(Doc. 20 at 2-3.)

Plaintiffs thereafter moved to set aside the judgment and for leave to file an amended complaint adding Plastech as a defendant, asserting claims against Plastech, and

5

seeking a declaratory judgment against Plastech's Insurers consistent with the relief Judge Roberts indicated they could seek. (Doc. 22.) Judge Roberts granted Plaintiffs' motion in an opinion and order entered on December 23, 2009, and Plaintiffs filed an amended complaint on January 4, 2010. Judge Roberts subsequently disqualified herself from the case and the matter was reassigned to the undersigned. (Doc. 32.)

In the amended complaint, Plaintiffs assert claims of negligence and bailment against Plastech (Counts I and II) and seek a declaratory judgment as to Plastech's Insurers (Count III). (Doc. 25.) Specifically, Plaintiffs seek a judgment declaring that: (1) the property policy was in full force and effect on the date of the fire (July 14, 2008); (2) the property policy provides coverage for the liability of Plastech to Plaintiffs on account of the damage to the Acquired Assets; and (3) Plastech's Insurers are obligated to pay Plaintiffs for the damage to the Acquired Assets resulting from the fire to the extent of Plastech's liability for the damage to that property. (*Id.* at 9.)

**Plastech Insurers' Motion and Plaintiffs' Response**

Plastech's Insurers raise three arguments in support of their motion to dismiss. First, Plastech's Insurers argue that, pursuant to the property policy which they claim is a first-party property insurance policy, Plaintiffs have no standing to sue them. More specifically, Plastech's Insurers maintain that there is no substantial controversy between the parties because there is no contract between them and Plaintiffs and Plaintiffs have no rights under the property policy.

Plastech's Insurers next argue that, also pursuant to the property policy, Plaintiffs

have no basis to seek declaratory relief because "[i]t is an axiom of insurance law that 'first party coverage is a promise by an insurer to pay its own insured, rather than a promise to its insured to pay a third party.'" (Defs.' Mot. at 9 (citing *Bausch & Lomb, Inc. v. Utica Mut. Ins. Co.*, 735 A.2d 1081, 1090 (Md. 1999).) In other words, Plastech's Insurers argue that the property policy does not afford indemnification directly to third-parties and therefore third-parties such as Plaintiffs have no right to sue for coverage under the policy.

Lastly, Plastech's Insurers argue that the suit limitation clause in the property policy bars any legal actions not commenced within "twelve months next after inception of the loss." (Defs.' Mot. at 12-13 (quoting Ex. C [property policy]).) Plastech's Insurers maintain that the limitations period expired on July 14, 2009. They point out that Plastech did not commence any action against them for coverage by that date and, in fact, has not filed a lawsuit contesting the denial of coverage yet.

In response, Plaintiffs first ask the Court to strike the motion to dismiss "for failure to comply with Local Rule 7.1." (Pls.' Resp. at 4-5.) According to Plaintiffs, Plastech's Insurers have not set forth in their brief in support of their motion a "concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought." (*Id.* at 4 (quoting E.D. Mich. LR 7.1(d)(2)[2].)

Plaintiffs next argue that the jurisdictional argument raised by Plastech's Insurers

---

[2]Plaintiffs cite subsection (c)(2) of Local Rule LR 7.1; however, this provision became subsection (d)(2) as a result of recent amendments to the rules.

7

is identical to their failure to state a claim argument and that, assuming the factual allegations in the complaint as true, Plaintiffs have stated a viable claim. According to Plaintiffs, the property policy covers Plastech's liability for damage to the personal property of others in the custody of Plastech– such as the Acquired Assets. Plaintiffs contend that they have standing to sue Plastech's Insurers as third-party beneficiaries of the property policy; but even if they are not third-party beneficiaries, they are entitled under Indiana law to seek a judgment declaring that the property policy requires Plastech's Insurers to cover Plastech's liability for the damage to and destruction of the Acquired Assets.

Finally, with respect to the property policy's limitation of action provision, Plaintiffs maintain that this "defense" is not properly before the Court on a motion to dismiss because it depends on matters not set forth in the complaint or attached as an exhibit. Although recognizing that documents not attached to the complaint may be considered under certain circumstances, Plaintiffs argue that those documents must be authenticated and that "none of the documents attached to [the Motion to Dismiss the Amended Complaint are authenticated in any way." (Pls.' Resp. at 16.) According to Plaintiffs, Plastech's Insurers have presented four different documents as the "insurance policy" and thus none of the documents can be deemed authentic and considered in deciding the motion.

If the Court considers the property policy's limitation provision, Plaintiffs contend that they did file their lawsuit against Plastech's Insurers within twelve months of the date

of the fire. Alternatively, Plaintiffs argue that Plastech's Insurers waived their suit limitation argument because they never advised Plaintiffs of this policy provision.

**Analysis**

As an initial matter, the Court declines Plaintiffs' request to strike the motion to dismiss. Local Rule 7.1(d)(2) provides in relevant part: "A brief supporting a motion or response must, at the beginning, contain a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought." E.D. Mich. LR 7.1(d)(2). In this Court's view, Plastech's Insurers do provide a concise statement of the issues presented in their table of contents under "argument." (*See* Doc. 29 at 3.) While this is not "at the beginning" of the brief, the Court does not require such hyper-technical compliance with the local rules and certainly does not strike a motion on such a basis. Contrary to Plaintiffs' assertion, this Court did not find it necessary "to wade through the motion in search of the issues [Plastech's Insurers] are trying to raise." (Pls.' Resp. at 4.)

The Court also finds, as an initial matter, that it may consider the property policy attached to the motion to dismiss in deciding the motion. Even under Rule 12(b)(6)'s standard of review, the Court may consider documents not attached to the complaint where they are referenced in the complaint and are central to the plaintiff's claims. *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008) (citing *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999)). Plaintiffs' challenge to the authenticity of the property policy is frivolous. Officers of Plastech's Insurers have

certified that the insurance policy submitted to the Court is a true and accurate copy of the property policy at issue in this case. (Doc. 17 Exs. C, D.) While the policy previously submitted by Plastech's Insurers did not include all of the pages contained in Exhibit C to their motion (*see* Doc. 13), it contained the relevant provisions which are identical to those in Exhibit C.

Turning to the merits of the arguments raised by Plastech's Insurers, the parties agree that Indiana law governs this dispute. Under Indiana law, third-party beneficiaries may directly enforce a contract. *Mogenson v. Martz*, 441 N.E.2d 34, 35 (Ind. Ct. App. 1982). Even assuming that Plaintiffs are not third-party beneficiaries, however, they are not seeking to enforce the property policy directly.

Indiana follows the "direct action rule" which "bars a party from pursuing a claim based on the actions of an insured directly against the insurer." *City of South Bend v. Century Indem. Co.*, 821 N.E.2d 5, 9 (Ind. Ct. App. 2005) (citations omitted). Indiana law recognizes, however, an action by a third party "seeking only a declaration of the insurer's responsibilities should the allegations regarding the insured's conduct be proven." *Id*. at 11; *see also Cmty. Action of Greater Indianapolis, Inc. v. Indiana Farmers Mut. Ins. Co.*, 708 N.E.2d 882, 885 (Ind. Ct. App. 1999). This is precisely what Plaintiffs now seek in this action. Therefore, contrary to the arguments raised by Plastech's Insurers, Plaintiffs have standing to seek the declaratory relief set forth in their complaint.

Plastech's Insurers nevertheless argue that Plaintiffs cannot state a claim upon

which relief may be granted because Plastech did not institute a lawsuit seeking coverage for the damage to the Acquired Assets within one year of the fire as required under the property policy's limitation of action provision.[3] This clause provides: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twelve months next after inception of the loss." (Defs.' Mot. Ex. C at 52.)

"[I]t is well settled that a provision in an insurance policy that limits the time in which a suit may be brought to a period less than that fixed by the statute of limitations is binding, unless it contravenes a statute or public policy. *United Techs. Auto. v. Affiliated FM Ins.*, 725 N.E.2d 871, 874 (Ind. Ct. App. 2000) (citing *Brunner v. Economy Preferred Ins. Co.*, 597 N.E.2d 1317 (Ind. Ct. App. 1991)). Further, "[p]rovisions limiting actions on an insurance policy to twelve months have been upheld as valid and enforceable . . ." *Id*. Nevertheless, a limitation of action provision, like any other provision of an insurance contract, must be interpreted according to its plain and unambiguous terms. *See Eli Lilly & Co., supra*.

Plaintiffs filed this lawsuit within one year of the fire. The limitation of action provision in the property policy does not state that the *insured* (i.e. Plastech) must file a suit or action for the recovery of any claim under the policy within one year. Plastech's

---

[3]Plastech's Insurers also argue that Plaintiffs cannot state a claim upon which relief may be granted because the increase of hazard of loss exclusion precludes coverage under the property policy. As the Court indicated at the motion hearing, this is not an issue that can be resolved in response to a motion to dismiss.

Insurers have not presented anything to convince the Court that this is the intended meaning of this provision. Moreover, Plastech's Insurers had prompt notice of the fire and resulting loss to Decoma's property. "The purpose of limitation provisions . . . are to guarantee that the insurers investigative rights are not prejudiced." *Brunner v. Economy Preferred Ins. Co.*, 597 N.E.2d 1317, 1319 (Ind. Ct. App. 1992) (citing *Miller v. Dilts*, 463 N.E.2d 257, 265 (Ind. 1984).

Therefore, at this time, the Court cannot hold that the limitation of action provision in the property policy bars Plaintiffs from stating a claim upon which relief may be granted.

## Conclusion

For the above reasons, this Court concludes that Plaintiffs have standing to pursue this declaratory judgment action against Plastech's Insurers and that they state a claim in their amended complaint upon which relief may be granted.

Accordingly,

**IT IS ORDERED**, that the motion to dismiss the amended complaint is **DENIED**.

DATE: May 26, 2010            s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record